# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30855
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DANNY RAY BRADHAM, SR.,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-302-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Danny Ray Bradham, Sr. appeals from his sentence—12-months' imprisonment without credit for time served and an additional 30-day civil penalty—imposed following his guilty-plea conviction of theft of United States property, in violation of 18 U.S.C. § 641.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez,* 517 F.3d 751, 764 (5th Cir. 2008).  Bradham does not claim procedural error.  He contends only that the sentence imposed is substantively unreasonable because it is greater than necessary to satisfy the purposes of sentencing.

Because Bradham's sentence falls within the applicable statutory and Guidelines-sentencing range, we afford it a presumption of reasonableness. *See United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 347 (2007) (upholding the application of the presumption of reasonableness to sentences within a properly calculated Guidelines range).  We  decline his invitation to re-weigh the 18 U.S.C. § 3553(a) factors because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant". *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) (citation omitted).  Bradham fails to rebut the presumption that his sentence is substantively reasonable.

AFFIRMED.